IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50965
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAURIE KATHLEEN MCCRAVY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
UDC No. A-96-CA-825-HG
- - - - - - - - - - -
July 7, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[1]

A jury convicted federal prisoner Laurie Kathleen McCravy, no. 52717-080, of possession of methamphetamine with intent to distribute, conspiracy to commit the same, and using and carrying a firearm during and in relation to a drug offense. McCravy now appeals the trial court's denial of her motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. McCravy contends that the facts of her offense do not support her conviction for using a firearm in violation of 18 U.S.C.

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 924(c)(1) in light of the Supreme Court's intervening decision in Bailey v. United States, 116 S. Ct. 501 (1995), and that the jury was not instructed properly on the elements necessary to support a conviction for carrying a firearm.

A review of the record demonstrates that the evidence amply supports McCravy's conviction under the "carry" prong of § 924(c)(1). McCravy was a passenger of a vehicle carrying methamphetamine and a .45 caliber pistol. McCravy admitted that she she owned the car, that she had previously transported the drugs and the firearm to the location of the car, and that she placed both the drugs and the gun under the driver's seat of the car for the purpose of transporting them. See Bailey, 516 U.S. at 146, 150; see also United States v. Pineda-Ortuno, 952 F.2d 98, 104 (5th Cir. 1992).

The district court in its instructions to the jury explained that some connection between the drug crime and the carrying of the gun was required for a conviction and that mere possession was insufficient to support a § 924(c) conviction. The evidence is sufficient to support McCravy's conviction on the "carry" prong of § 924(c) and shows a correlation between carrying the firearm and the drug-trafficking offenses. McCravy cannot demonstrate that she suffered actual prejudice from the district court's pre-Bailey instruction to the jury. See United States v. Logan, 135 F.3d 353, 355-56 (5th Cir. 1998).

McCravy's ineffective-assistance-of-counsel argument is not

considered on appeal as the district court granted a certificate of appealability (COA) only on McCravy's challenges pursuant to

<u>Bailey</u> to her § 924(c) conviction.  <u>See</u> <u>Lackey v. Johnson</u>, 116 F.3d 149, 151-52 (5th Cir. 1997).

AFFIRMED.